**UNITED STATES of America,
Appellee,**

v.

**Richard E. CAPRI, Defendant,**

**Anthony Bazzini, Defendant–Appellant.**

**No. 03–1579.**

United States Court of Appeals,
Second Circuit.

Sept. 10, 2004.

Flora Edwards, New York, N.Y, for Defendant–Appellant.

Edward C. O'Callaghan, Assistant United States Attorney (Marc L. Mukasey, Assistant United States Attorney), for David N. Kelley, United States Attorney for the Southern District of New York, for Appellee, of counsel.

Present: MESKILL, MINER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-

**JUDGED, AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendant–Appellant Anthony Bazzini appeals from the judgment of the United States District Court for the Southern District of New York (Casey, *J.*), convicting him, following a jury trial, of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, and making extortionate extensions of credit, in violation of 18 U.S.C. § 892. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Bazzini first argues that the evidence was insufficient to sustain his conviction for conspiracy to commit securities fraud. We review *de novo* a challenge to the sufficiency of evidence and "affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir.2004). In order to prove the crime of conspiracy, the government must establish:

(1) that the defendant agreed with at least one other person to commit an offense; (2) [that] the defendant knowingly participated in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and (3) that during the existence of the conspiracy, at least one of the overt acts set forth in the indictment was committed by one or more of the members of the conspiracy.

*United States v. Salameh*, 152 F.3d 88, 145–46 (2d Cir.1998) (per curiam). The conspiratorial agreement need not be "formal or express," *United States v. Amato*, 15 F.3d 230, 235 (2d Cir.1994), and, once a conspiracy has been shown to exist, "the evidence sufficient to link another defen-

dant to it need not be overwhelming," *United States v. Rivera*, 971 F.2d 876, 891 (2d Cir.1992) (internal quotation marks omitted).

There was ample proof for a rational jury to convict Bazzini of conspiracy to commit securities fraud. The unindicted co-conspirator, David Weeks, testified that he told Bazzini about the securities fraud scheme and described it to him as producing profits for those involved but losses for the non-participants. Bazzini asked to participate, set the terms of his participation, wired seed money into Weeks's account, and later received money from the scheme. The evidence thus satisfied all of the *Salameh* requirements.

■ Next, Bazzini challenges the enhancement to his sentence pursuant to U.S.S.G. § 2E2.1(b)(1)(C) (1998), which provides that, "if a dangerous weapon (including a firearm) was brandished, displayed or possessed" in the course of a loansharking offense, the base offense level is to be increased by three levels. We review the district court's ultimate conclusion *de novo* and the court's findings of fact supporting its conclusion for clear error. *See United States v. Sicurella*, 367 F.3d 82, 85 (2d Cir.2004).

Weeks testified about two statements that Bazzini made to him, which the district court used to apply the enhancement. Bazzini made the first statement in his car, objecting to a smaller-than-anticipated payment from Weeks. Banging the steering wheel, Bazzini complained:

God damn it, I told you this. This doesn't stop here. I don't understand.... You say you're going to do something and you don't do it. Why are you trying to hurt me like this? I don't understand. If you want to hurt me, there is a bat back there. You can whack me with it. But then you better run because I'm going to come and get you.

Bazzini uttered the second statement at a diner, after the host had offered to take Bazzini's and Weeks's coats. Weeks testified: "And so I said no, and [Bazzini] said no, and the guy walked away. And then [Bazzini] had said, Could you imagine the look on that dude's face when he picked up my coat and felt my gun in there?" On appeal, Bazzini asserts that a baseball bat is not a dangerous weapon, Weeks did not know if there actually was a bat in the car, and there was insufficient evidence to prove that he possessed a firearm in furtherance of the offense.

Under the Guidelines, a dangerous weapon is defined as "an instrument capable of inflicting death or serious bodily injury." U.S.S.G. § 1B1.1, cmt. n. 1(d)(i) (1998). Clearly, a bat qualifies as a "dangerous weapon" for purposes of § 2E1.1. *See United States v. Wilson,* 369 F.3d 329, 333–34 (3d Cir.2004) (finding that a baseball bat is a dangerous weapon). A gun is, of course, a firearm. *See* U.S.S.G. § 1B1.1, cmt. n. 1(e)(1). The evidence showed that Bazzini was engaged in the loansharking offense when he referred to these dangerous weapons, and therefore the enhancement was warranted.

Bazzini's objection that Weeks never saw the bat or gun is meritless. Bazzini's statements concerning their presence were admissible, pursuant to Federal Rule of Evidence 801(d)(2)(A), which provides that a statement is not hearsay if it is offered against a party and is the party's own statement. The district court properly relied on these statements as evidence of the fact that Bazzini possessed the bat and gun during the course of the loansharking offense. *See United States v. Dukagjini,* 326 F.3d 45, 62–63 (2d Cir.2003) ("Miller's testimony that Griffin had told him about his possession of a gun was properly admissible as the party's own statement, pursuant to Rule 801(d)(2)(A)."). Accordingly,

the district court did not err in applying the § 2E2.1(b)(1)(C) enhancement.

■ Bazzini's next claim, that the district court abused its discretion in not granting him a hearing pursuant to *United States v. Fatico,* 579 F.2d 707 (2d Cir. 1978), regarding the dangerous weapon enhancement, is meritless. "The district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes." *United States v. Slevin,* 106 F.3d 1086, 1091 (2d Cir.1996). "All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations." *Id.* (internal quotation marks omitted). Counsel opposed the enhancement in written submissions and in oral argument. Having provided Bazzini with all the process he was due, the district judge acted well within his discretion in denying counsel's late request for a hearing.

■ Bazzini further contends that the district court erred in attributing $150,000 in losses to him as a result of his participation in the securities fraud conspiracy and in basing a seven-level enhancement pursuant to § 2F1.1(b)(1)(H) thereon. He asserts that the district court erred in not determining whether his criminal activity was "jointly undertaken" with his co-conspirators, pursuant to *United States v. Studley,* 47 F.3d 569 (2d Cir.1995), and improperly held him responsible for acts of others that were not reasonably foreseeable.

In the case of jointly undertaken criminal activity, specific offense characteristics (such as the amount of loss) shall be determined on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction...." U.S.S.G. § 1B1.3(a)(1)(B). The

relevant application note explains that "the scope of the criminal activity jointly undertaken by the defendant ... is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for every participant." U.S.S.G. § 1B1.3, cmt. n. 2. The Note goes on to say that, "In order to determine the defendant's accountability for the conduct of others under subsection (a)(1)(B), the court must *first* determine the scope of the criminal activity the particular defendant agreed to jointly undertake (*i.e.*, the scope of the specific conduct and objectives embraced by the defendant's agreement)." U.S.S.G. § 1B1.3, cmt. n. 2 (emphasis added). "This determination, as it goes to prong one of the test, must be made *before* the issue of foreseeability, prong two, is reached." *Studley*, 47 F.3d at 574 (emphasis added). Application Note 2 also provides that relevant conduct "does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct...." § 1B1.3, cmt. n. 2. This Court has held that, in order for a district court to sentence a defendant on the basis of criminal acts committed by a co-conspirator, a district court must make a "particularized finding of the scope of the criminal activity agreed upon by the defendant." *Studley*, 47 F.3d at 574.

At sentencing, the district court did not comply with the *Studley* requirement. The court made no particularized findings concerning the scope of the conspiracy agreed upon by Bazzini. Instead, when calculating the loss figure for sentencing purposes, the district court lumped Bazzini together with Weeks and the other defendant in finding him responsible for the total loss resulting from the conspiracy. Moreover, the record shows that the victims experienced a significant amount of loss *before* Bazzini became involved in the scheme, and the district court did not take that evidence into account when calculating the loss for which Bazzini was responsible. Accordingly, the securities fraud sentence is vacated and the case is remanded to the district court to make a particularized finding on the scope of the conspiracy that Bazzini agreed to, to calculate the total amount of loss Bazzini caused, and the proper enhancement, if any.

■ Subsequent to the filing of this appeal but prior to oral argument, the Supreme Court decided *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *United States v. McClain*, 377 F.3d 219, 221–22 (2d Cir. 2004), we said *Crawford* "substantially alter[ed] the Court's existing Confrontation Clause jurisprudence" and held that "no prior testimonial statement made by a declarant who does not testify at the trial may be admitted against a defendant unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine him or her." *Id.* In his Reply Brief, Bazzini argues, *inter alia,* that, under *Crawford,* his conspiracy conviction must be reversed because the introduction of his co-defendant's guilty plea at his trial violated his Sixth Amendment right to confront witnesses. Bazzini's *Crawford* challenge also extends to the seven-level enhancement based on the amount of loss and the amount of restitution the district court ordered. On remand, the district court should consider the parties' arguments relating to the effect of the admission of the co-defendant's guilty plea on (i) the sufficiency of the evidence, (ii) the calculation of the loss amount, and (iii) the amount of restitution.

Accordingly, the judgment of the district court is AFFIRMED in part and VACATED in part and REMANDED for resentencing. The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* — U.S. —,

125 S.Ct. 11, 159 L.Ed.2d 838 ( 2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of this order that address Bazzini's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*